E. HOWARD, Appellant, v. FIRST NATIONAL BANK OF CHEROKEE,
Appellee.

**NEGLIGENCE:** Jury Question.    Evidence held to present a jury ques-
1    tion on the issue of negligence attending the condition of a stair-
way and the fall of plaintiff thereon.

**NEW TRIAL:** Newly Discovered Cumulative Testimony.    Newly dis-
2    covered testimony to the effect that a witness had stated outside
of court that he did not remember whether a hallway was lighted,
when he had testified in court that the hallway was lighted, is
cumulative to testimony by the applicant for a new trial that the
hallway was not lighted, and insufficient to justify the granting
of a new trial.

**NEW TRIAL:** Gambling on Presence of Witness.    A litigant may not
3    allow his cause to proceed without application for continuance, with
full knowledge that his witness may not be present, and thereafter
base an application for a new trial on the nonappearance of the
witness.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON,
Judge.

NOVEMBER 15, 1921.

ACTION for damages for personal injury resulting to plain-
tiff from a fall upon the stairway in the building of the defend-

ant.  Verdict for the defendant, and the plaintiff appeals.—
*Affirmed.*

*Claud M. Smith,* for appellant.

*Molyneux & Maher* and *C. D. Maloy,* for appellee.

FAVILLE, J.—The appellee owns a bank building in the city
of Cherokee.  The lower part of the building is occupied as a
banking room, and the upper part consists of offices that are
rented to different tenants.  The bank fronts
1. NEGLIGENCE: to the south on Main Street.  There is an en-
   jury question.
trance way leading from the street into a small
vestibule, and two or three steps leading from there to a level
with the floor of the bank building.  At this place there is an
entrance way or corridor from which one desiring to enter the
bank building turns to the left and passes into the banking room.
Directly opposite the steps leading from the street to this corri-
dor is the stairway leading to the second story of the building.
This stairway is about four feet in width, and next to the cor-
ridor at the foot of the stairway are two swinging doors, each
about two feet wide, with glass panels in the upper half of each.
The outer door of the bank entrance from the street has a plate
glass in the upper half.  The stairway leading to the upper
floor has a hand rail on the west side.  There are two skylights
in the hall on the upper floor.  These are not directly over the
stairway, but furnish some light to the stairway and the hall.

The accident in controversy happened about 5 o'clock in
the afternoon of March 4, 1919.  The appellant had been to see
a party on a matter of business, in a room on the upper floor
of the bank building, and had passed up the stairway in question.
On returning, it is his contention that, as he came down the
stairway, within two or three steps from the swinging doors at
the corridor, he stepped upon a rug which had been left on the
stairs by the janitor, and slipped, and fell through the swinging
doors, and was injured.  Appellant testified that, in coming
down the stairway, he did not have hold of the hand rail.  The
rug in question was usually kept in the corridor near the foot of
the stairway.  The janitor of the building testified that he was

in the corridor, at the time of appellant's fall, and that the rug in question was not upon the stairway, as claimed by the appellant, but that the same had been placed by the janitor upon a radiator in the corridor, while he was cleaning up the floor. Immediately after the appellant's fall, one of the officers of the bank stepped from the banking room into the corridor, and assisted the appellant to arise.

I. It is argued that the verdict is clearly against the weight of the evidence; that appellant was entitled to a verdict in any event; and that the only question that should have been submitted to the jury was the question of the amount of recovery. It is very apparent from the foregoing statement that the case was properly one for the consideration of the jury; that the matters were fairly in dispute; and that the verdict is not so contrary to the evidence as to have justified the lower court in setting the same aside.

II. It is contended that the court erred in refusing to grant a new trial because of newly discovered evidence. The janitor of the building, one Anderson, was a witness in behalf of the appellee on the trial. In support of his motion for a new trial, counsel for appellant filed his own affidavit, in which he states, in substance, that, the day following the trial of the case, and after the verdict had been returned, he had a talk with one Leeds, in which Leeds stated that he was present in the court room during the trial, and sat near the witness, Anderson, and that, at said time, he asked Anderson if the light in the hallway was lighted at the time of the injury, and that Anderson stated to Leeds that he could not say whether it was lighted or not. The affidavit of counsel also disclosed that Leeds refused to make an affidavit voluntarily in regard to said matter. Upon the trial, Anderson had testified that the light over the stairway was lighted at the time, but that he did not know who lighted it.

2. NEW TRIAL: newly discovered cumulative testimony.

The court did not err in refusing to grant a new trial because of this newly discovered evidence. Appellant had testified that the stairway was not lighted. If Leeds could have been produced as a witness, his testimony would have been in the nature of cumulative evidence. We think the showing by the attorney's affidavit was wholly insufficient to justify the grant-

ing of a new trial, under the circumstances disclosed, and that the ruling of the trial court was correct.

III.   It is claimed that the court erred in not granting appellant a new trial because of the absence of a witness, and because of the destruction of an X-ray plate that had been taken of appellant's injury.   The record in regard to this matter is very meager.   In the motion for a new trial, the attorney for the appellant filed his affidavit, wherein he stated that, upon the morning of the trial, he called upon one Dr. Edgar, who had taken an X-ray picture of appellant's injury, and found that the X-ray plate had been accidently broken, and that the said doctor was unable to testify with reference thereto, as the plate had been prepared by one Dr. Hook; that a subpoena had been issued for Dr. Hook, after the cause had been assigned for trial, and counsel did not learn that he had left the state and gone to Missouri, until noon of the day of the trial.   No showing whatever was made to the court in regard to the said matter during the trial, except the statement of counsel that he had issued a subpoena for the doctor, and found that he had gone to Missouri.  No continuance was asked. No showing whatever was made to the court in regard to what was expected to be proven by the witness.

3. NEW TRIAL: gambling on presence of witness.

It is too plain to require further comment that a party cannot proceed to trial under such circumstances and, after an adverse verdict, seek, by motion for a new trial, to avail himself of the absence of a witness.   There is no showing whatever that, even if the witness had been present, his testimony would have been material or competent.

The motion for a new trial was properly overruled.

IV.   It is claimed that the court erred in refusing to permit the appellant to testify in regard to statements made by him at the time of the injury, it being contended that this was a part of the *res gestae*.   In any event, there was no error committed by the court in the ruling on this matter; for, after the ruling complained of was made, appellant was permitted to testify fully in regard to all that was said at the time of the injury, both by himself and by the other parties present.   The case presented a fact question, for the determination of a jury.   We can review only alleged errors of law committed upon the trial.

We find no error on the part of the trial court in any of the matters complained of by appellant. The judgment of the lower court must be, and the same is,—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.